Opinion delivered May 19, 1886.

---

[No. 3689.]

### BILL LEDBETTER *v.* THE STATE.

1. FORNICATION—CASE APPROVED.—The acquittal of one defendant charged with fornication will not operate *per se* as an acquittal of the paramour, notwithstanding the offense is one which can be committed only by two persons. Note the approval of the doctrine announced in Alonzo's case, 15 Texas Court of Appeals, 378.

2. SAME—CHARGE OF THE COURT.—See the opinion *in extenso* for a charge of the trial court *held* erroneous, as being upon the weight of evidence.
3. SAME—FACT CASE.—See the opinion and the statement of the case for evidence *held* insufficient to support a conviction for fornication.

APPEAL from the County Court of Shackelford. Tried below before the Hon. R. M. Norman, County Judge.

The conviction in this case was for fornication, by living together and having carnal intercourse, etc., and the penalty imposed on appellant was a fine of fifty dollars. Amanda Aken was joined in the indictment, and was jointly tried, but was acquitted.

Jack Williams was the first witness for the State. He testified that he lived in Fort Griffin, Texas, in which town both of the defendants lived. Amanda Aken, for eighteen months, occupied a house on the outskirts of town. She some times washed witness's clothes. Witness, on one occasion, went to Amanda's house about sun down, to get his clothes. He found the two defendants in bed together, and remarked to them that they had got to work too early. Amanda had a blue eyed child, which bore a striking resemblance to Bill Ledbetter, and which child was claimed by said Ledbetter to be his. Witness once took some freight, which he thought was provisions, to Amanda's house, for defendant Ledbetter. He had very often seen Ledbetter in Amanda's house. Ledbetter and Amanda once left Fort Griffin at the same time. After an absence of five months they came back, reaching Fort Griffin about the same time. Witness had often seen them together since their return.

Milton Sutton testified, for the State, that during the fall and winter of 1883–1884, he often saw the defendant Ledbetter's horse hitched at Amanda Aken's house.

Dudley Armstrong testified, for the State, that during the winter of 1883–1884, Ledbetter at times got him to take goods to Amanda's house. Ledbetter and Amanda were both unmarried.

E. Frankel testified, for the State, that Ledbetter frequently bought provisions from him. He did not know what Ledbetter did with those provisions. He knew nothing about Ledbetter and Amanda Aken cohabiting.

George Wilhelm testified, for the State, that he sold goods and provisions to Ledbetter, but had no idea what he did with them. Ledbetter claimed Amanda's child as his, and Amanda affirmed

---

---

that Ledbetter was the father of that and of another child, now dead.

Motion for new trial raised the questions discussed in the opinion.

*L. W. Campbell* and *J. M. Moore*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

White, Presiding Judge. Appellant Ledbetter and one Amanda Aken were jointly indicted and jointly tried for fornication—the charge, as set forth in the indictment, being that the parties " did then and there, the said Bill Ledbetter, a man, and the said Amanda Aken, a woman, both being unmarried, on the fifteenth day of November, 1884, in the county and State aforesaid, did unlawfully live together and have carnal intercourse with each other; against the peace and dignity of the State." Amanda Aken was acquitted on the trial, but Ledbetter was convicted and fined in the sum of fifty dollars. He complains of this judgment: First, because the acquittal of Amanda was *per se* an acquittal of the charge in so far as he also was concerned, the offense being a joint one. Second, that the charge of the court was erroneous and upon the weight of evidence; and third, the evidence is insufficient to support the conviction.

The position that, as the offense is one that could only be committed by two persons, and that therefore the acquittal of one operated as an acquittal of both, was held untenable in Alonzo v. The State, 15 Texas Court of Appeals, 378, the offense in said case being the kindred crime of adultery—the principle being the same in both cases. In North Carolina a contrary doctrine is held, but the North Carolina cases are reviewed in Alonzo's case, and the doctrine announced by them repudiated. (See also Mercer v. The State, 17 Texas Ct. App., 452.)

As to appellant's second ground of complaint, we reproduce the charge in full, after stating the style of the case, as follows:

"The defendant being charged of fornication: First, you are charged that the statute laws includes fornication with adultery, the difference is carnal action between married parties, either party charged is adultery. Fornication is carnal action between parties that are unmarried.

"2.  You are charged the law does not contemplate that it is necessary for testimony stating the seeing of the act of fornication.

"3.  You are charged if the testimony or evidence are by circumstances as would lead you to believe the defendants committed fornication, you will find defendants guilty.

"4.  You are charged to consider from evidence the limitation that would bar the prosecution in this case, two years anterior to November 11, 1885.

"5.  You are charged that a confession is of the most weighty nature in law.

"6.  You are charged to give the defendants the benefit of reasonable doubt, and they are presumed innocent until found guilty by law and evidence.  The punishment for fornication is fine, is not less than fifty dollars nor more than five hundred dollars.

    (Signed)                            "R. M. NORMAN,
              "County Judge, Shackelford county, Texas."

It appears to us that this charge is obnoxious to the objections urged to it by appellant.

With regard to the question of the sufficiency of the evidence to sustain the conviction, we are of opinion that this objection is also well taken.  It will be noted that the indictment charges that the parties did unlawfully live together.  They are not charged with habitual carnal intercourse, without living together; which is the other alternative mode of committing the offense under the statute.  (Penal Code, Art. 337; Powell v. The State, 12 Texas Ct. App., 238.)

Now, whilst the evidence shows that the parties were seen in bed together on one occasion—that the woman had a child which defendant admitted was his—that he frequently sent provisions and goods to the house of the woman, and that his horse was frequently seen tied near her house—still the evidence does not show that the parties *lived together*, which was the charge against them.  Had the parties been charged with habitual carnal intercourse, the evidence would have tended much more strongly to have supported the charge.  (Swancoat v. The State, 4 Texas Ct. App., 104; Parks v. The State, 4 Texas Ct. App., 134; Morrill v. The State, 5 Texas Ct. App., 447; Collum v. The State, 10 Texas Ct. App., 708.)

Because the charge of the court was erroneous, and because the evidence does not sustain the allegations in the indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*